Filed 10/20/15  P. v. Warnick CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br> Plaintiff and Respondent,<br><br> v.<br><br> JAMES L. WARNICK,<br><br> Defendant and Appellant. | D067583<br><br><br><br>(Super. Ct. No. JCF33483) |

APPEAL from an order of the Superior Court of Imperial County, Poli Flores, Jr., Judge.  Affirmed.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Respondent.

As part of a plea agreement, James L. Warnick entered a no contest plea to one count of abuse of an elder or dependent adult.  (Pen. Code, § 368, subd. (b)(1).)  Pursuant to the plea agreement, the court granted Warnick formal probation for three years on various terms and conditions.  The court also issued a criminal domestic violence protective order.

A month after the sentencing, a petition to revoke probation was filed. A formal hearing was scheduled for September 30, 2014. At the time scheduled for the hearing, the parties agreed to further modifications of the probation order.

In January 2015 a new petition to revoke probation was filed based, among other things, upon Warnick's arrest for possession of a controlled substance. (Health & Saf. Code, § 11377, subd. (a).)

Following a contested hearing the court found Warnick in violation of probation. The court revoked probation and imposed a four-year prison sentence. Warnick filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1970) 25 Cal.3d 436 (*Wende*), indicating he is unable to identify any reasonably arguable issues for reversal on appeal. Counsel asks this court to review the record for error as mandated by *Wende*. We offered Warnick the opportunity to file his own brief on appeal, but he has not responded.

STATEMENT OF FACTS

On July 14, 2014, law enforcement officers were called to the residence of Warnick's 83-year-old mother, Edna Warnick. She reported that Warnick had shoved her, knocked her to the ground and threatened to kill her.

Warnick refused the request to come out of the home and ultimately had to be subdued and handcuffed to get him out of the house.

On January 4, 2015, law enforcement again went to Edna Warnick's home where Warnick was taken into custody for making threats to kill. Warnick was also found to be in possession of a small amount of methamphetamine.

## DISCUSSION

As we have indicated, appellate counsel has been unable to identify any reasonably arguable issues for reversal on appeal and has asked this court to review the record for error as mandated by *Wende, supra*, 25 Cal.3d 436. Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible, but not reasonably arguable issue to assist this court in its review of the record:

Whether the evidence at the probation revocation hearing was sufficient to prove by a preponderance of the evidence that Warnick violated the terms of his probation.

We have reviewed the entire record pursuant to *Wende, supra,* 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738. We have been unable to identify any reasonably arguable issue for reversal on appeal. Competent counsel has represented Warnick on this appeal.

## DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

NARES, J.

AARON, J.